CARPENTER et al. v. WHITE, Collector of Internal Revenue.

PARKHILL MFG. CO. v. SAME.

Nos. 3031, 3032.

Circuit Court of Appeals, First Circuit.

Nov. 7, 1935.

R. Gaynor Wellings, of Boston, Mass. (Burton E. Eames and Tyler, Eames, Wright & Reynolds, all of Boston, Mass., on the brief), for appellants.

Joseph M. Jones, Sp. Asst. to the Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to the Atty. Gen., on the brief), for appellee.

Before MORTON, Circuit Judge, and MORRIS and BREWSTER, District Judges.

MORTON, Circuit Judge.

The question is whether certain deeds conveying real and personal property were subject to stamp taxes under the Revenue Act of 1924, § 800, Schedule A (5) (43 Stat. 335). The Commissioner imposed taxes to the full value of the property conveyed; the District Judge held that the Commissioner was right and denied any refund; and the grantors have appealed.

Two deeds are involved, the first from the Amoskeag Company, so-called, a business trust, to the Amoskeag Manufacturing Company, also a business trust; the second, from the Parkhill Manufacturing Company, a corporation, to the same grantee. A confirming deed from the trustees of the Amoskeag Company was also made, but it does not affect the questions presented. The Amoskeag Company owned large textile plants consisting of real estate and chattel property and also large amounts of cash and securities. The Parkhill Manufacturing Company owned a textile plant consisting of real and personal property. The Amoskeag and Parkhill properties were consolidated into a new business trust, the Amoskeag Manufacturing Company above mentioned, by the conveyances here in question. Apparently no money consideration was paid for these conveyances. The trustees of the new trust issued transferable shares in agreed amounts to the two grantors; and these new shares were distributed by the trustees of the old trust to its shareholders, and by the Parkhill Company to its stockholders.

The argument for the Amoskeag Company is that under the statute as construed by the department (Regulations 55 [1924 edition] article 48) the tax in question was not due unless there was a sale of the property conveyed; that there was no sale of the beneficial interest in its property; that all that was done was to substitute new trustees to manage the trust property; that what was conveyed, viz., the bare legal title, had no substantial value. The facts hardly support this argument. The old trust was not continued in the hands of new trustees; it was wiped out as to the property conveyed. A new trust was established to which the conveyances were made. The entire interest, legal and equitable, in the property of the Amoskeag Company was conveyed to the trustees of the new trust, and new equitable interests, not of identical character with the old ones, were created, evidenced by the shares in the new trust, issued to the grantors in return for the conveyance. There was therefore a complete change in both the legal title and the beneficial ownership of the property, not a continuance of the same beneficial ownership in the hands of new trustees. Nor were the equitable interests of the new shares in the same property as those of the old shares; the latter represented interests only in the property of the Amoskeag Company; the former, interests in all the property conveyed to the new trust.

While we recognize fully that mere rearrangement of the title to property for greater convenience in the management of it, without real change of ownership, is not a taxable conveyance—which is the view of the Department itself (see Regulations No. 55, 1924 edition, arts. 24, 48, 58)—what was done in this case was not of that character. That the new shares were paid for by the surrender of the old ones seems to us not sufficient to prevent the conveyances in question from being real sales. If two corporations had consolidated by transferring their properties to a third corporation, there is no doubt that the conveyances would be taxable as sales. The regulations expressly so provide. Regulation 55, art. 34. Moreover, by the statute, "The term 'corporation' includes associations," etc. Section 2 (a), 43 Stat. 253. The new trust was, as to its income and the issue of its shares, taxable as a corporation. Hecht v. Malley, 265 U.S. 144, 44 S.Ct. 462, 68 L.Ed. 949. It may well be that it should be regarded as a "corporation," or an entity with respect to the taxation of conveyances to it.

The deed from the Parkhill Company was a complete transfer of title from that

corporation to the new trust. It seems to us to have been clearly taxable.

The plaintiffs further contend that, even if the conveyances were taxable, in computing the value of the property conveyed for tax purposes there should not be included either the proportion of the Amoskeag property which was returned to its former shareholders in the form of certificates in the new trust or the proportion of the value of the Parkhill property which was returned to its stockholders in the form of certificates in the new trust. The contention is that as to such property there was no effective change in the beneficial ownership, but merely a change of management, so to speak, or, in other words, that as to the Amoskeag stockholders they merely exchanged one equity for another. This contention is disposed of by what has been said. A new business concern was being established; title to the property affected by the deeds was conveyed to it; and full consideration was paid for the property by the issue of new shares. The transaction was not in our opinion merely an exchange of equities.

The judgments of the District Court are affirmed, with costs.