713 So.2d 1021 (1998)
KURO, INC., Appellant,
v.
STATE of Florida, DEPARTMENT OF REVENUE, Appellee.
No. 97-03021.
District Court of Appeal of Florida, Second District.
May 15, 1998.
Rehearing Denied June 24, 1998.
C. Samuel Whitehead, Sarasota, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and James McAuley, Assistant Attorney General, Tallahassee, for Appellee.
THREADGILL, Judge.
Kuro, Inc., challenges a final order of the Department of Revenue (DOR), which assesses an additional documentary stamp tax of $4,207, collectively, on conveyances of eight unencumbered condominium units to Kuro. The final order concluded that stock issued by Kuro in exchange for the condominiums constituted consideration therefor, *1022 and that, pursuant to the applicable statutes and rules, such consideration was equal to the fair market value of the condominiums, which was $618,000. The documentary stamp tax was thus based on that amount. We conclude that the assessment of the additional tax was error and reverse.
The condominiums involved herein were acquired by Kurt and Ronald Rabau, father and son, in 1991. In 1994, the Rabaus incorporated Kuro for the purpose of taking title to the condominium units, so as to avoid exposure to potential personal liability arising from the management of the eight rental units. After forming Kuro, the Rabaus transferred each of the condominiums to Kuro by warranty deed. Each deed recited nominal consideration of $10. Kuro thus paid the minimum documentary stamp tax on each transaction. Thereafter, DOR conducted an audit and determined that additional documentary stamp taxes were due. Kuro filed a protest, which culminated in a formal hearing before an administrative law judge. The administrative law judge found that a taxable exchange occurred and recommended the assessment of additional documentary stamp taxes. The DOR entered a final order, adopting the recommendations of the administrative law judge, and Kuro timely appealed.
Section 201.02(1), Florida Statutes (1993), provides that a purchaser of real estate is required to pay a documentary stamp tax of $.70 on each $100 of consideration paid for the property. Section 201.02(1) further provides:
For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.
According to DOR rules promulgated pursuant to section 201.02(1), "`[p]roperty other than money' includes, but shall not be limited to, property that is corporeal or incorporeal, tangible or intangible, visible or invisible, real or personal; everything that has an exchangeable value or which goes to make up wealth or estate." Fla. Admin. Code R. 12B-4.012(2)(b). "A conveyance of realty to a corporation in exchange for shares of its capital stock, or as a contribution to the capital of a corporation, is subject to tax." Fla. Admin. Code R. 12B-4.013(7). Both of the foregoing rules reference the presumption set forth in section 201.02(1), that consideration for property other than money "is equal to the fair market value of the real property." Fla. Admin. Code R. 12B-4.012(2)(a); 12B-4.013(7).
Based on the evidence the parties stipulated to during the administrative proceeding, we conclude that Kuro was not a purchaser within the meaning of section 201.02(1) and, thus, no additional taxes were due. Section 201.02(1) applies to transfers of real estate for consideration to a "purchaser." In Florida Department of Revenue v. De Maria, 338 So.2d 838 (Fla.1976), the supreme court defined "purchaser" under the statute as "one who obtains or acquires property by paying an equivalent in money or other exchange in value." Id. at 840. In this instance, Kuro paid nothing for the transfer of the condominiums. The DOR argues that, under the statute and the rules, the stock issued by Kuro constituted consideration of property other than money, which was presumed to be equal to the fair market value of the condominiums. The presumption enunciated in the statute and the DOR rules, however, is a rebuttable presumption, which Kuro did in fact rebut in this instance.
The record shows that the conveyances here were for the benefit of the Rabaus, who were merely availing themselves of the advantages of incorporation. Though the transactions effected a change in the legal ownership of the property, the beneficial ownership of the land remained unchanged. These were thus mere book transactions and, otherwise, were not sales to a purchaser, as contemplated by section 201.02(1). See State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla.1956).
*1023 At the time the deeds herein were transferred and recorded, the Rabaus owned all of the real estate and all of Kuro's stock. They thus received nothing from the corporation that they did not already have. The fact that the stock issued by Kuro acquired a value equivalent to that of the real property transferred does not change our opinion. Accordingly, the final order of the DOR is reversed.
Reversed.
CAMPBELL, A.C.J., concurs.
DOYEL, ROBERT L., Associate Judge, concurs with opinion with which CAMPBELL, A.C.J., also concurs.
DOYEL, ROBERT L., Associate Judge, concurring.
I concur that the Department of Revenue's final order should be reversed, for two reasons. First, DOR has concluded that application of an abstract statutory presumption of "consideration" establishes a tax liability. But under that same statute, consideration is an issue only if there is a purchaser. § 201.02(1), Fla. Stat. (1993). There was no purchaser here. When there is a transfer of unencumbered real estate between a corporation and its stockholders, and the stockholders have the same pro rata interest in the corporation as they do in the real estate, the transfer is a "mere book" transaction and there is no "purchaser" for purposes of section 201.02(1). State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493, 495 (Fla.1956); Florida Dep't of Revenue v. De Maria, 338 So.2d 838, 839 (Fla.1976).
Second, even if we ignore the "purchaser" requirement and consider the issue of consideration, we find that the statutory presumption that "the consideration is equal to the fair market value of the real property or interest therein," § 201.02(1), Fla. Stat. (1993), is rebutted in this case. The parties stipulated that Kuro paid nothing for the real estate. The two owners of the real estate transferred it to a corporation (Kuro) they already owned proportionately to their interest in the real estate. Thus, in fact, there was no exchange of one asset for another. There being no exchange, there was no consideration.[1]
An analysis of whether there was a purchaser in many respects is a mirror image of an analysis of whether there was consideration. In the end, the analyses lead me to conclude on the facts of this case that there was no purchaser because there was no consideration. And without either a purchaser or consideration, there is no tax liability under section 201.02(1).
NOTES
[1] The sequence of events was this: Kurt Rabau and Ronald Rabau bought the real estate in question. The Rabaus then formed a corporation which the two of them owned. The Rabaus then transferred their interests in the real estate to the corporation. These facts do not support the hearing officer's recommended finding that "the Kuro, Inc. stock was issued in exchange for the contribution of the [real estate] to the corporation." It was conceded at oral argument that the stock had never been literally "issued." Thus, we need not address the applicability of the presumption of consideration if the stock had, in fact, been issued in exchange for real estate.