763 So.2d 1209 (2000)
MUBEN-LAMAR, L.P., a New Jersey Limited Partnership, Appellant,
v.
DEPARTMENT OF REVENUE, Appellee.
No. 1D99-1810.
District Court of Appeal of Florida, First District.
April 20, 2000.
Larry Levy of The Levy Law Firm, Tallahassee, and William J. Deas, P.A., Jacksonville, for Appellant.
Robert A. Butterworth, Attorney General, and Jeffrey M. Dikman, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Muben-Lamar, L.P., appeals an order entering final summary judgment in favor of the Department of Revenue and determining *1210 Muben-Lamar was not entitled to refund of documentary stamp tax paid. We affirm.
Muben-Lamar has three partners. Muben Realty Company and Lamar Eastern, L.P. each hold a 1% interest in the partnership. Mutual Benefit Life Insurance Company (Mutual Benefit) holds a 98% interest in the partnership. Muben Lamar's partnership agreement provided that the initial capital contribution of Muben and Mutual Benefit "shall consist of the real property interests identified on Exhibit A attached hereto. Within 30 days of execution of this agreement, Mutual Benefit, on behalf of itself and Muben, shall contribute to the partnership the initial properties.... The partners agree that the fair market value of each of the initial properties and related property contributed by Mutual Benefit is as stated on exhibit A." Exhibit A of the partnership agreement indicated the property had a value of $22,890,391. Lamar Eastern, L.P. contributed a $280,160, ten-year, non-interest bearing promissory note in lieu of cash contribution. Mutual Benefit transferred the properties, and Muben-Lamar paid documentary stamp tax in the amount of $207,561.15.
Muben-Lamar later sought a refund of the taxes paid. The Department denied a refund, asserting the 1990 amendment to section 201.02, Florida Statutes, indicated a legislative intent that transfers of property to corporations, partnerships, or other business entities were to be subject to tax on their fair market values. Muben-Lamar then filed an action for declaratory judgment. Muben-Lamar asserted it was not a purchaser within the purview of section 201.02 and no consideration flowed from Muben-Lamar to Mutual Benefit.
The trial judge issued summary final judgment in favor of the Department. The trial judge correctly determined that the partnership bought the real property by issuing valuable partnership interests in consideration for land. This case involved a straightforward exchange of land for personalty. By statute, a partnership is an entity separate and distinct from its partners. § 620.8201, Fla. Stat. (1997). We acknowledge that our decision conflicts with the decision in Kuro, Inc. v. State, Department of Revenue, 713 So.2d 1021 (Fla. 2d DCA 1998).
AFFIRMED.
BARFIELD, C.J., and ALLEN, J., CONCUR. LAWRENCE, J., SPECIALLY CONCURS WITH OPINION.
LAWRENCE, J., specially concurring.
I concur in the result reached by the majority for the reason that the limited partnership at issue was composed of various and diverse interests, each contributing property in which the other previously had no interest, for the purpose of creating a new business venture for profit. I write because I disagree with the majority's disapproval of Kuro, Inc. v. State, Department of Revenue, 713 So.2d 1021 (Fla. 2d DCA 1998).
In Kuro, a father and son, owners of several condominiums, formed a corporation for the sole purpose of taking advantage of the benefits afforded thereby in the rental and management of their units. Title to the condominiums was transferred to the corporation. It was the position of the Department of Revenue (DOR) that there was consideration for the transfer because the capital stock of the corporation was issued to the father and son. I agree with our sister court in Kuro that the father and son were not purchasers within the meaning of section 201.02(1), Florida Statutes (1990). Aside from the failure to qualify as a "purchaser," DOR's position on the element of "consideration" could be easily avoided in the Kuro circumstances by issuing the capital stock of a new corporation to the subscribers in advance of the transfer of real property into the corporation. This is because gifts are clearly not taxable because the donor does not meet *1211 the definition of a "purchaser" under the statute.
If DOR's position in Kuro is followed, then every small entrepreneur seeking to take advantage of benefits offered by various forms of business entities will be taxed as if he or she were selling their property; every estate planning device employing the popular limited partnership will be taxed as a "purchaser" because the donor will typically be receiving an interest in the limited partnership. I agree with the Kuro court that "[t]hese were thus mere book transactions and, otherwise, were not sales to a purchaser, as contemplated by section 201.02(1)." Kuro, 713 So.2d at 1022.