CANADY, Judge.
The Department of Revenue (the Department) appeals the trial court’s ruling that the Department improperly assessed documentary stamp tax on the conveyance of encumbered real property to PMR Resorts, Inc. (PMR), from shareholders of the corporation. Because we conclude that taxable consideration was given for the conveyance of the real property, we reverse the trial court’s order.
I. BACKGROUND
Peter and Margaret Reszczynski own all the outstanding stock of PMR and are its sole officers and directors. In December 1999, Peter Reszczynski acquired title to real property on which a motel is located. The purchase of the property was financed by a loan from the First National Bank of Florida which was secured by a mortgage on the property. The note evidencing the loan was signed by both Peter and Margaret Reszczynski. PMR guaranteed the mortgage and the promissory note to First National Bank of Florida. Documentary stamp tax was paid on the warranty deed conveying the property to Peter Reszczyn-ski.
In March 2000, the Reszczynskis conveyed the property to PMR by a warranty deed which recited that PMR, the grantee, assumed and agreed to pay the mortgage. Only the minimum documentary stamp tax of $0.70 was paid on the conveyance to PMR. Subsequent to an audit, the Department ultimately imposed an assessment for documentary stamp tax and discretionary surtax in the amount of $7677.60, a penalty in the amount of $3838.80, and interest in the amount of $1182.35. The total of the tax, penalty, and interest assessed was $12,698.75. The tax was calculated based on the amount of the outstanding indebtedness secured by the mortgage at the time of the transfer — $1,096,828.87.
PMR challenged the assessment pursuant to section 72.011, Florida Statutes (2000), contending that it was not a purchaser which had given consideration for the transfer of the property. Based on the undisputed facts, the trial court granted summary judgment in favor of PMR and entered a final judgment against the Department and in favor of PMR.
*623 II. THE DOCUMENTARY STAMP TAX STATUTE
Section 201.02(1), Florida Statutes (2000), provides:
On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, lohether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.
(Emphasis added). The last two sentences of this provision were added by an amendment to the law adopted by the legislature in 1990. See ch. 90-132, § 7, at 451, Laws of Fla.
III. ISSUES ON APPEAL
PMR’s liability for the documentary stamp tax turns on whether under section 201.02 it was a “purchaser” from whom “consideration” was received for the conveyance of the property. PMR successfully argued before the trial court that it was not a purchaser which had given consideration to the Reszczynskis for the transfer of the property. In reaching the conclusion that PMR had no liability under the documentary stamp tax, the trial court relied — at PMR’s urging — on Kuro, Inc. v. Department of Revenue, 713 So.2d 1021 (Fla. 2d DCA 1998), which held that no documentary stamp tax was due on the transfer of unencumbered condominium units to a corporation from the sole shareholders of the corporation. On appeal, PMR also contends that since it was already the guarantor of the obligation secured by the mortgage the assumption of the mortgage did not result in a “shifting of the economic burden” associated with the mortgage and that the amount of the outstanding mortgage indebtedness therefore should not be treated as consideration for the conveyance. PMR also relies on the fact that it had made payments on the mortgage obligation prior to acquiring title to the property. In making its argument regarding shifting of the economic burden, PMR cites Florida Department of Revenue v. De Maria, 338 So.2d 838, 839 (Fla.1976), which held that where a corporation transferred real property to its sole shareholder subject to a mortgage there was “a shifting of the economic burden of paying the purchase money mortgage from the grantor corporation to the grantee shareholder” and tax was due on the outstanding mortgage balance even though the shareholder did not assume the mortgage.
The Department argues that under section 201.02(1) the transfer of encumbered property necessarily results in the giving of “consideration” by a “purchaser.” The Department also urges that Kuro is distinguishable because the property conveyed there — unlike the property conveyed to PMR — was not encumbered. The Department responds to PMR’s argument concerning the shifting of the economic burden by asserting that De Maria and other *624 cases applying the shifting of the economic burden test have been superseded by the 1990 amendment to section 201.02(1), which added the specific definition of consideration-including the reference to “the amount of any mortgage.” Finally the Department argues that, in any event, PMR’s assumption of the mortgage on the property resulted in a shifting of the economic burden as contemplated in De Ma-ña.
IV. ANALYSIS
This dispute between PMR and the Department arises in a context that has been the source of ongoing disputes between the Department and taxpayers. The underlying question is the extent to which transactions between corporations and their shareholders will result in tax liability.
The courts dealing with this question have struggled with the problem of identifying consideration given in transactions between corporations and their shareholders. In certain circumstances, consideration has been found lacking. See State ex rel. Palmer-Fla. Corp. v. Green, 88 So.2d 493, 495 (Fla.1956) (holding that transfer of real property from corporation to its shareholders — each receiving an undivided interest proportionate to stock ownership — was not taxable but was “a mere book transaction” because the stockholders were not purchasers and did not pay a reasonably determinable consideration for the conveyance); Kuro, 713 So.2d at 1022 (holding that where corporation “paid nothing for the transfer of condominiums[,] ... [tjhough the transactions effected a change in the legal ownership of the property, the beneficial ownership of the land remained unchanged,” and transfers “were thus mere book transactions and, otherwise, were not sales to a purchaser, as contemplated by section 201.02(1)”). In other circumstances, consideration has been found to exist in a transaction between a corporation and its shareholders. See De Maria, 338 So.2d at 839; see also Crescent Miami Ctr., LLC v. Dep’t of Revenue, 857 So.2d 904, 905 (Fla. 3d DCA 2003) (holding that “the transfer of real property from a parent company to a newly created subsidiary limited liability company owned by the general limited partner of the parent company[ ] is subject to Florida’s documentary stamp tax statute”).
In the instant case, there is no difficulty in identifying the consideration which was given by PMR for the conveyance from the Reszczynskis. Under section 201.02(1), “consideration includes ... the amount of any mortgage ... whether or not the underlying indebtedness is assumed.” Here, it is undisputed that the property transferred was encumbered by a mortgage on which the outstanding indebtedness was $1,096,828.87. A straightforward application of the plain language of the statutory definition of consideration yields the conclusion that documentary stamp tax was due from PMR on that amount.
There are two grounds for rejecting PMR’s argument based on its claim that there has been no shifting of the economic burden associated with the mortgage. First, the Department argues convincingly that the shifting of the economic burden test was superseded by the legislature’s adoption in 1990 of the specific definition of consideration which makes reference to “the amount of any mortgage.” Since the adoption of the 1990 amendment, no reported decision of the supreme court or any district court has applied the shifting of the economic burden test. The plain language of the statute, as amended in 1990, makes any inquiry into the issue of economic burden unnecessary and inappropriate. The pertinent issue is solely whether the conveyed property is encumbered by a mortgage.
*625 Second, even if the shifting of the economic burden test had not been superseded by the 1990 amendment to the statute, we would conclude that there was a shifting of the economic burden in the instant case. Although PMR had previously guaranteed the mortgage debt, there was nonetheless a shifting of the economic burden of paying the mortgage from the shareholders to PMR because under the express language of assumption set forth in the conveyance the Reszczynskis now have a legal right — which they did not previously have — to require that PMR pay the obligation secured by the mortgage. PMR’s secondary liability as a guarantor was transformed by the express assumption of the mortgage into primary liability for the obligation secured by the mortgage. See Brownson v. Hannah, 93 Fla. 223, 111 So. 731, 733 (1927) (“By the assumption by the grantee in a deed of mortgage indebtedness the grantee thereby becomes the primary obligor for the debt.”); Prigal v. Keam, 557 So.2d 647, 648 (Fla. 4th DCA 1990) (stating that purchaser of mortgaged property who assumed mortgage obligation “became the principal debtor and the original buyer/borrower acquired the status of a surety”). Here, it thus cannot be said that “[t]he taxpayer was no more nor less obligated to pay and perform the obligation after the conveyance than before.” Dep’t of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 357 (Fla.1977) (holding that there was no tax liability on conveyance subject to mortgage where grantee had previously guaranteed obligation and did not assume obligation in connection with conveyance). When PMR became the principal debtor by virtue of the assumption it was “more ... obligated to pay” the mortgage than when it was merely a guarantor. Consequently, there was, as a matter of law, a shifting of the economic burden associated with the debt secured by the mortgage.
PMR’s reliance on Kuro is similarly unavailing. As the Department points out, Kuro is easily distinguishable from the case under review because the property conveyed in Kuro — unlike the property here — was unencumbered. Accordingly, the portion of the statutory definition of consideration concerning encumbered property which is applicable here was not at issue in Kuro.
V. CONCLUSION
Since the amount of the outstanding mortgage obligation on the property transferred to PMR is taxable consideration under section 201.02(1), the judgment in favor of PMR is reversed and the case is remanded with instructions that judgment be entered in favor of the Department.
Reversed and remanded.
FULMER and CASANUEVA, JJ., Concur.