903 So.2d 913 (2005)
CRESCENT MIAMI CENTER, LLC, Petitioner,
v.
FLORIDA DEPARTMENT OF REVENUE, Respondent.
No. SC03-2063.
Supreme Court of Florida.
May 19, 2005.
Fred Owen Goldberg of Berger Singerman, P.A., Miami, FL, for Petitioner.
*914 Charles J. Crist, Jr., Attorney General, and Charles Catanzaro, Assistant Attorney General, Tallahassee, FL, for Respondent.
Gary V. Perko and Victoria L. Weber of Hopping Green and Sams, P.A. and Keith C. Hetrick, General Counsel, Tallahassee, FL on behalf of Florida Home Builders Association, for Amicus Curiae.
WELLS, J.
We have for review Crescent Miami Center, LLC v. Department of Revenue, 857 So.2d 904 (Fla. 3d DCA 2003), which expressly and directly conflicts with the decision in Kuro, Inc. v. State Department of Revenue, 713 So.2d 1021 (Fla. 2d DCA 1998). We have jurisdiction. See art. V, § 3(b)(3), Fla. Const.

FACTS
Crescent Real Estate Funding IX, LP (Crescent Funding) is owned by Crescent Real Estate Equities, LP (Crescent Equities), as the sole limited partner, and CRE Management IX, LLC (CRE), as the general partner. CRE is also wholly owned by Crescent Equities. On February 24, 2000, Crescent Equities formed Crescent Miami Center, LLC (CMC), the petitioner in the present case. Crescent Equities then transferred 99.9 percent of its interest in CMC to Crescent Funding and the remaining 0.1 percent interest to CRE. That same day, CRE transferred this 0.1 percent interest in CMC to Crescent Funding, so that Crescent Funding became the sole owner of CMC.
On February 25, 2000, Crescent Equities transferred a tract of real property, which is the subject of the present case, in fee simple to CMC. According to the deed, CMC paid ten dollars and "other good and valuable consideration" for the property. This transfer was made to separate the property from Crescent Equities' other assets in order to facilitate future unsecured financing. The deed was recorded, and CMC paid $1,212,750 in documentary stamp tax, which was comprised of the state documentary stamp tax and a Dade County documentary surtax.
The documentary stamp tax as applied to deeds conveying real property is set out in section 201.02(1), Florida Statutes (2003), which states:
On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.

(Emphasis added.) The underlined text was added by a 1990 amendment and was critical to the lower court's analysis in the present case. See ch. 90-132, § 7, at 451, Laws of Fla.
After paying this tax, CMC filed for a refund of the documentary stamp tax, but the Florida Department of Revenue (DOR) denied the application. CMC filed suit *915 and asserted that it should not have been required to pay the tax because it was not a purchaser of real property under section 201.02(1). Since beneficial ownership of the property did not actually change, CMC argued, the transfer was a mere book transaction and thus not subject to the documentary stamp tax. The DOR argued that the plain language of the statute, including its 1990 amendment, required CMC to pay the documentary stamp tax. Final summary judgment was entered in favor of the DOR.
The Third District Court of Appeal affirmed the summary judgment decision. Crescent, 857 So.2d at 911. The Third District acknowledged that this Court has previously held that transfers from a corporation to its shareholders were not subject to the tax because the shareholders were not purchasers within the meaning of the statute. State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla.1956). We later defined the term "purchaser" for purposes of the tax as "one who obtains or acquires property by paying an equivalent in money or other exchange in value," and thus a transfer of an unencumbered interest in real property from a corporation to its sole shareholder was not taxable. Florida Dep't of Revenue v. De Maria, 338 So.2d 838, 840 (Fla.1976) (quoting Webster's New Twentieth Century Dictionary 1463 (2d unab. ed.1971)). However, the Third District asserted that these decisions were based on the statute as it existed prior to the 1990 amendment, before the addition of the final two sentences that, according to the court, "specifie[d] four types of exchange mediums which constitute consideration." Crescent, 857 So.2d at 907. Thus, according to the Third District, the decisions in Palmer-Florida and De Maria were valid before the 1990 amendment because the statute had not provided a means of determining consideration in those situations, so no consideration could exist when property was transferred to a wholly owned grantee. Id.
The Third District held that the deed in the present case was subject to the documentary stamp tax because there was consideration for the conveyance, and the value of that consideration was reasonably determinable as being equal to the fair market value of the property under the 1990 amendment to section 201.02(1). Id. at 909. Consideration existed in the transaction because Crescent Equities surrendered its 100-percent interest in the property for an increase in the value of its interest in Crescent Funding (as the value of CMC, wholly owned by Crescent Funding, increased with the conveyance of property). Consideration "follow[ed] as a natural consequence of the commercial transaction transferring intangible property with exchangeable value," and the transfer "effectuated a complete change in both the legal title and the beneficial ownership of the property." Id. The Third District noted that this Court in De Maria had held that whenever there is consideration, there is a purchaser, and thus the statute's purchaser requirement was also fulfilled in the present case. Id.[1]
The Second District Court of Appeal came to a different conclusion under similar facts in Kuro, where a father and son transferred condominiums which they solely owned to Kuro, Inc., a corporation *916 which they had formed and in which they were the sole shareholders. The transfer was made for the purpose of the Kuros avoiding potential personal liability arising from the management of the condominiums. 713 So.2d at 1022. The deeds recited the nominal consideration amount of ten dollars, and Kuro, Inc., paid the minimum documentary stamp tax. The DOR argued that Kuro, Inc., owed the tax in proportion to the fair market value of the property since the shareholders had received an increase in the value of their interest in Kuro, Inc., by transferring property to the corporation. The Second District, however, did not hold Kuro, Inc., accountable for the documentary stamp tax because the company was not a purchaser under section 201.02(1). Id. Moreover, the grantors received no interest in the corporation or the property that they did not already have before the transfer; thus, the Second District held that the conveyance was a mere book transaction like the transfer in Palmer-Florida. The Second District held that despite the conveyance, under De Maria and Palmer-Florida, no documentary stamp tax was owed. Id. We granted jurisdiction because of this express and direct conflict between Crescent and Kuro.

ANALYSIS
The issue to be resolved in the present case is whether the conveyance of property from a grantor to its wholly owned grantee is taxable under section 201.02(1), Florida Statutes. In order to assist in this analysis, a review follows of the case law and administrative rules under the pre-amendment and post-amendment statute.

Case Law Pre-1990 Amendment
Prior to the 1990 amendment, this Court had encountered similar issues to those presented in the instant case. In State ex rel. Palmer-Florida Corp. v. Green, 88 So.2d 493 (Fla.1956), a corporation delivered a deed to property it owned to its shareholders in proportion to their shares in the corporation. The corporation argued that the transfer should not be subject to the documentary stamp tax because the shareholders had given nothing in exchange for the property. Id. at 494. We agreed and held that under the statute, the shareholders were not purchasers; the transaction had not involved any form of consideration; and thus the transaction was not subject to the documentary stamp tax. Id. at 495. The transaction was termed "a mere book transaction" and was "in no sense a sale to a `purchaser' as contemplated by" the statute. Id.
We again considered the application of section 201.02(1) in Florida Department of Revenue v. De Maria, 338 So.2d 838 (Fla.1976). In De Maria, a corporation transferred property to its sole shareholder, but part of the property transferred was subject to a mortgage. Id. at 839. We reasoned that this encumbrance on the property made the transfer different from that in Palmer-Florida because the economic burden of the mortgage had been transferred to the individual, and the grantor corporation received a benefit in not having to pay the mortgage. Therefore, the transaction involving that part of the property encumbered by the mortgage was not a mere transfer of title. Id. This benefit and burden transfer constituted sufficient consideration to impose the documentary stamp tax on that part of the property subject to the mortgage. Id. at 840. We also adopted the definition in Webster's New Twentieth Century Dictionary of the term "purchaser" as "one who obtains or acquires property by paying an equivalent in money or other exchange in value." Id. Thus, since consideration existed in the transaction because the burden of the mortgage had shifted, we concluded that the sole shareholder was a purchaser as to that part of the property subject to the mortgage. Id. However, we did not apply *917 the documentary stamp tax to the corporation's unencumbered $25,000 equity in the real propertythat portion of the property not subject to the mortgagebecause that transfer "was a mere change in form of the stockholder's equity in the corporation." Id.

Post-1990 Amendment
In 1990, the Florida Legislature amended section 201.02(1), listing potential sources of consideration in a conveyance of real property. The types of consideration listed were (1) money exchanged, (2) the discharge of an obligation, and (3) the amount of any mortgage, purchase money mortgage lien, or other encumbrance. The amendment also provided for the valuation of nonmonetary consideration, presuming such consideration to be equal to the fair market value of the real property or interest therein.
Following this amendment, the DOR amended its rules concerning the imposition of the tax on transfers to corporations. Before the 1990 amendment to the statute, rule 12B-4.013(7) of the Florida Administrative Code provided that transfers of real property to corporations by their shareholders as a contribution to capital were not subject to the documentary stamp tax if the transfer was not in exchange for valuable consideration. Bernard A. Barton, et al., Kuro and Muben-Lamar In the Eye of the Beholder?, Fla. B.J., May 2002, at 49. Following the 1990 amendment, the rule states that "[a] conveyance of realty to a corporation in exchange for shares of its capital stock, or as a contribution to the capital of a corporation, is subject to tax. There is a presumption that the consideration is equal to the fair market value of the real property interest being transferred." Fla. Admin. Code R. 12B-4.013(7). Similarly, when the value of an interest in a partnership is increased by a conveyance of real property to the partnership, this transaction is also subject to the tax. Fla. Admin. Code R. 12B-4.013(10).
Following the 1990 amendment to section 201.02(1), conflict has developed among the Florida district courts as to how to impose the statute on transactions conveying property between grantors and their wholly owned companies. In Kuro, as stated above, the Second District held that the documentary stamp tax did not apply to a transfer of property from two sole stockholders to their corporation. 713 So.2d at 1022. The Second District considered the DOR rules on transfers to corporations and the 1990 amendment to section 201.02(1), but held that the shareholders had rebutted the presumption that the stock issued to them was consideration valued as equal to the fair market value of the condominiums transferred. Id.
In Muben-Lamar, L.P. v. Department of Revenue, 763 So.2d 1209 (Fla. 1st DCA 2000), the First District Court of Appeal held that the issuing of partnership interests for real property was consideration and thus a transaction subject to the documentary stamp tax. In Muben-Lamar, however, the partnership was made up of three partners, only two of whom owned the property prior to transferring it to the partnership as a capital contribution. Id. at 1210. The third partner, who owned one percent of the partnership, contributed a promissory note as a capital contribution. Id. Thus, while the majority of the First District certified conflict with Kuro, Judge Lawrence specially concurred in result only, arguing that the decision in Muben-Lamar did not conflict with Kuro. Judge Lawrence distinguished the facts in Muben-Lamar from those in Kuro because of the "various and diverse interests" in the partnership, "each [partner] contributing property in which the other previously had no interest." Muben-Lamar, 763 So.2d at 1210 (Lawrence, J., specially concurring). *918 We granted review in Muben-Lamar on the basis of its conflict with Kuro, but we subsequently dismissed review. Muben-Lamar, L.P. v. Fla. Dep't of Revenue, 789 So.2d 337 (Fla.2001).

Analysis of Present Case
Although the 1990 amendment to section 201.02(1) added three nonexclusive definitions of consideration, as well as providing a means of assessing the value of nonmonetary consideration, we hold that there is nothing in the statute that indicates any intent or attempt to alter the interpretations of the statute in Palmer-Florida or De Maria. A determination of legislative intent "is derived primarily from the language of the statute." State v. Bodden, 877 So.2d 680, 685 (Fla.), cert. denied, ___ U.S. ___, 125 S.Ct. 628, 160 L.Ed.2d 463 (2004). If statutory intent is unclear from the plain language of the statute, only then may "we apply rules of statutory construction and explore legislative history to determine legislative intent." BellSouth Telecommunications, Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003). In applying the plain language of the statute in Palmer-Florida and De Maria, we held that the tax is not applicable to transactions involving a conveyance of property between a corporation and its sole shareholders where nothing of value is exchanged for the property. Thus, "a mere change in form of the stockholder's equity in the corporation" is not sufficient consideration to meet the statute's requirements. De Maria, 338 So.2d at 840. Furthermore, since there is no consideration for such transfers and thus no "exchange in value," there is no purchaser. Id.
The plain language of section 201.02(1), even following the 1990 amendments, did not eliminate the requirements of consideration and purchaser that existed at the time of our decisions in Palmer-Florida and De Maria. The new language simply provided nonexclusive examples of consideration. None of these examples change our prior holdings that a change in the form of ownership of property, without any exchange of value, does not constitute consideration. While the last sentence added a means of determining the value assigned nonmonetary consideration, it did not change the requirement that consideration actually exist for the transfer. Thus, based on the plain language of the amendments, the statute does not recede from the statutory requirements employed by this Court to reach the results in Palmer-Florida and De Maria. "Florida's well-settled rule of statutory construction [is] that the legislature is presumed to know the existing law when a statute is enacted, including `judicial decisions on the subject concerning which it subsequently enacts a statute.'" Wood v. Fraser, 677 So.2d 15, 18 (Fla. 2d DCA 1996) (quoting Collins Inv. Co. v. Metro. Dade County, 164 So.2d 806, 809 (Fla.1964)). Without any clear express changes on the statute's face, the amendment did not recede from our decisions rendered prior to the amendment's enactment. The statute still covers only those situations in which property is exchanged for something of value.
The Third District held in the present case that the conveyances in Palmer-Florida and De Maria could not be taxed under the statute prior to the 1990 amendment because the conveyances had neither reasonably determinable consideration nor a purchaser. Crescent, 857 So.2d at 907. Accordingly, the Third District implies that this situation has changed because the amendment provides a means by which to value the interests in the company that were exchanged and that the transfers in Palmer-Florida and De Maria could now be taxed under the amended statutory scheme. However, we objected to the tax being applied in these situations not because consideration was not reasonably determinable *919 but, rather, because there was no consideration at all involved in the transactions. Hence, in the present case, the documentary stamp tax does not apply to the transfer because nothing was exchanged by CMC for the grant of property from Crescent Equities; thus, there was no consideration or purchaser in the transaction, just a "mere change in form of the stockholder's equity in the corporation." De Maria, 338 So.2d at 840.
The Third District and the DOR also rely on the rules promulgated by the DOR following the 1990 amendment to section 201.02(1). Those rules provide that a conveyance of realty to a corporation "as a contribution to the capital of a corporation, is subject to tax." Fla. Admin. Code R. 12B-4.013(7). The Third District held that these "agency rules are presumed valid" and thus refused to deviate from them. Crescent, 857 So.2d at 908 n. 4. While "administrative rules ... should be accorded considerable persuasive force," State ex rel. Szabo Food Services, Inc. v. Dickinson, 286 So.2d 529, 531 (Fla.1973), decisions of this Court interpreting the same statute have a much greater persuasive force. In the absence of any statutory amendment by the Legislature contrary to the holdings in Palmer-Florida and De Maria, those opinions are to be followed.

CONCLUSION
We conclude that the transfer of property between a grantor and its wholly owned grantee, absent any exchange of value, is without consideration or a purchaser and thus not subject to the documentary stamp tax in section 201.02(1). The 1990 amendments to the statute did not repudiate or alter our holdings in Palmer-Florida or De Maria. While CMC received the property, it gave nothing to Crescent Equities in exchange for that property except for the continuing interest in the same property that Crescent. Equities owned before the transaction occurred. This transaction was merely a change in the form of ownership by the entities who had owned and continued to own the property. The argument that the increase in the value of Crescent Equities' interest in CMC constituted consideration is not persuasive, as this increased interest resulted from the transfer and was not the consideration for making the transfer.
For the foregoing reasons, we quash the Third District's decision in this case and remand this case to the district court for further consideration consistent with this opinion.
It is so ordered.
PARIENTE, C.J., and ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
NOTES
[1] In support of its holding, the Third District cited to similar decisions in Dean v. Pinder, 312 Md. 154, 538 A.2d 1184 (1988) (increase in value of the grantors' stock in corporation they wholly owned following their transfer of real property to it was sufficient "actual consideration" to impose documentary stamp tax on transfer), and Carpenter v. White, 80 F.2d 145 (1st Cir.1935) (conveyance to business trust in return for shares issued by trust was subject to federal stamp tax because equitable interests of new shares in property were not same as those of old shares).