MICHAEL E. KIRBY, Judge.
In this consolidated domestic relations case, Louis T. Age, Jr. and Alex Enterprises, Inc. appeal two trial court judgments dated September 29, 2000.[1] The three cases forming this consolidated case stem from petitions for divorce filed by Mr. Age and his former -wife, Verna Sherman Age, and a petition for writ of injunction filed by Alex Enterprise, Inc. against Mrs. Age.
Mr. and Mrs. Age were married on February 8, 1991, and one child, Alexandra Jasmine Age, was born of the marriage. In his petition filed on May 11, 2000, Mr. Age asked for sole and exclusive authority to operate the community-owned business of Reliable Home Health Care, Inc., pending the partition of the community. In her petition filed on May 25, 2000, Mrs. Age asked for the authority to manage and control Reliable Home Health Care and the Preschool Learning Day Care Center. She identified both of these businesses as community assets.
Mr. Age asked for joint custody of the minor child. Mrs. Age also asked for joint custody, but requested that she be named the domiciliary parent. Both parties ^requested and were granted restraining orders against the other party prohibiting the alienation or encumbrance of any of the community property.
The cases involving the petitions for divorce filed separately by Louis Age and Verna Age were consolidated on June 28, 2000. After a hearing, the trial court rendered judgment on June 29, 2000 ordering the parties to share joint custody of the minor child, and to share domiciliary status of the child. Mr. Age was ordered to pay child support to Mrs. Age in the amount of $2,500.00 per month. The court ordered Mrs. Age to manage the Preschool Learning Day Care Center and Reliable Home Health Care, Inc. businesses pending partition of the community, and Mr. Age was ordered' to manage South Louisiana Home Health Care, Inc. The judgment specified that the parties were to confer on management- decisions regarding Rehable Home Health Care, Inc. and South Louisiana Home Health Care, Inc., but if they could not agree, Mrs. -Age had the final authority on 'these decisions. Income received from those two businesses was not to be deposited into the account of Reliable. Home Office, due to concerns voiced by the trial court regarding her conclusion that Mr. Age had used the Rehable Home Office accounts to divert money to himself and his children from a previous marriage.
Mr. Age filed a motion for rehearing, reconsideration and to set aside the June 29, 2000 judgment, and that motion was denied.- No appeal was taken from the denial of that motion, so the June 29, 2000 judgment is not before this Court in this appeal.
On August 17, 2000, Mrs. Age filed a motion for contempt and a petition for another temporary restraining order against Mr. Age, alleging that he violated the previously issued restraining order prohibiting him from alienating or disposing of community property. On that same date, a restraining order was issued against Mr. | ¡¡Age ordering Mm to refrain from interfering with Mrs. Age’s management and control of the Preschool Learning Day Care Center, Alex Enterprises, from firing employees, from entering the premises, from attempting to evict anyone *1170 from the premises, and from harassing or abusing Mrs. Age.
On August 18, 2000, Alex Enterprises, Inc. filed a petition for writ of injunction against Mrs. Age. In that petition, Alex Enterprises alleged that it is the owner of the Preschool Learning Day Care Center and the immovable property on which it is situated. Alex Enterprises alleged that on July 17, -2000, it removed Mrs. Age as a member of the board of directors of the Preschool Learning Day Care Center, but that she refused to stop acting in that capacity. Alex Enterprises asserted that its property rights were being impaired by Mrs. Age, and asked that a restraining order be issued against her to prohibit her from entering the premises of the Preschool Learning Day Care Center.
On August 18, 2000, Mrs. Age filed an emergency motion to vacate the temporary restraining order that was issued to her on that same date. The record in this case does not include the August 18, 2000 restraining order, but the record does include an August 18, 2000 trial court order issued in response to Mrs. Age’s emergency motion, which set aside the restraining order issued against Mrs. Age. In that same order, the trial court stated that the August 17, 2000 restraining order against Mr. Age was to remain in effect. On August 21, 2000, another restraining order was issued against Mr. Age ordering him again to refrain from firing employees of the day care center, from attempting to evict anyone from those premises and from harassing or abusing Mrs. Age.
On August 24, 2000, Mrs. Age filed a motion to consolidate the case entitled “Alex Enterprises v. Verna Sherman Age” with the cases entitled “Louis Age v. Verna Sherman Age” and “Verna Sherman Age v. Louis Age.” The motion to consolidate was granted on that same date. On August 31, 2000, a pleading was filed under the caption of “Alex Enterprises, Inc. and Irma Glover v. Verna Sherman Age.” Irma Glover is the mother of Louis Age. This pleading was an application for a writ of quo warranto filed against Mrs. Age, alleging that Mrs. Glover was the incorporator and President of Alex Enterprises, and that no shares were ever issued for ownership in the corporation. Mrs. Glover stated that on July 17, 1999, she granted power of attorney to Mrs. Age over Alex Enterprises, but that she revoked that power of attorney on July 17, 2000 and granted power of attorney to Mr. Age. On September 1, 2000, the trial court issued a writ of quo warranto to Mrs. Age, ordering her to appear in court and show by what authority she claims a power of attorney over Irma Glover and Alex Enterprises, Inc. Mrs. Age filed an exception to the writ of quo warranto, stating that Irma Glover is not a named party to any of the proceedings so any action instituted by her must be by petition, not application or motion.
On August 31, 2000, Mr. Age filed a rule to show cause why his child support obligation should not be terminated. On September 8, 2000, Mrs. Age filed a motion for contempt and to implement a joint custody plan.
On September 29, 2000, the trial court rendered two judgments in this consolidated case. In one of the judgments, the court denied Mr. Age’s rule to terminate child support. The court dismissed the. application for writ of quo warranto filed against Mrs. Age by Alex Enterprises and Irma Glover, finding that the testimony showed that the actual owners of Alex Enterprises were Mr. and Mrs. Age; therefore, Mrs. Age had authority to act of behalf of Alex Enterprises. The trial court also found that the sole shareholder of the corporation was the |sminor daughter of the parties. The court also issued a *1171 preliminary injunction against both Mr. and Mrs. Age enjoining them from alienating, encumbering, and transferring assets of Alex Enterprises. The court rescinded and declared null and void any transfer, alienation or encumbrance of any assets of Alex Enterprises since the filing of Mr. Age’s divorce action on May 11, 2000. Finally, the court stated that because of the continuing actions of Mr. Age is derogation of preserving the community assets, Mrs. Age was given authority to make all management decisions concerning Alex Enterprises, and that all revenues .generated from the business of Alex Enterprises is to be placed in escrow pending further orders of the court.
In the other judgment rendered on September 29, 2000, the trial court denied Mrs. Age’s motion for contempt regarding payment of child support. The court also ordered that, on an interim basis pending approval of the Joint Custody Implementation Plan, the minor child’s primary physical residence would be with Mrs. Age, with Mr. Age having visitation every Wednesday and on alternating weekends. The earlier ruling regarding management of the preschool is to remain in effect. The court enjoined Mr. Age from trying to manage that business until further orders of the court. The court also found Mr. Age in contempt of court for his deliberate attempt to circumvent an injunction ordered by the court, and ordered him to pay $2,500.00 in attorney’s fees and court costs.
Mr. Age and Alex Enterprises appeal the trial court’s judgments of September 29, 2000.
On appeal, the appellants first argue that the trial court abused its discretion in ordering the consolidation of the writ of injunction filed by Alex Enterprises, Inc. against Mrs. Age with the domestic proceedings of Mir. and Mrs. Age. In their Iflbrief; appellants state that Irma Glover filed the petition for writ of injunction on behalf of Alex Enterprises, but that is not what the petition says. In fact, the petition for writ of injunction does not even mention Irma Glover, either in the caption or the body of the petition. The petition was filed only by Alex Enterprises, Inc., and was filed by the same attorney representing Mr. Age in the domestic proceedings. Mrs. Age requested the consolidation. The first pleading in which Irma Glover is mentioned is in the application for writ of quo warranto filed on August 31, 2000, one week after the consolidation of the writ of injunction case with the divorce cases. Mrs. Glover was never named as a party in' any of the petitions filed in these consolidated proceedings, and is not properly before this Court.
La. C.C.P. art. 1561 states as follows:
A. When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate.
B. Consolidation shall not be ordered if it would do any of the following:
(1) Cause jury confusion.
(2) Prevent a fair and impartial trial.
(3) Give one party an undue advantage.
(4) Prejudice the rights of any party.
The trial court consolidated the lawsuit involving the petition for writ of injunction with the lawsuits involving the divorce petitions after finding that these lawsuits involved common issues of law and fact. The only parties in these lawsuits are Mr. Age, Mrs. Age and Alex Enterprises. Consolidation of these |7lawsuits will not prejudice the rights of any of the parties. We find 'no abuse of the trial court’s dis *1172 cretion in allowing consolidation of these lawsuits.
Appellants next argue that the trial court abused its discretion in failing to rule on, or consider, the petition for writ of injunction filed by Alex Enterprises, Inc. The appellants’ statement that the trial court failed to rule on the writ of injunction filed by Alex Enterprises, Inc. is incorrect. The transcript of the hearing of September 12, 2000 and one of the trial court’s judgments of September 29, 2000 demonstrate that the trial court considered the petition for writ of injunction, but did not grant the injunctive relief against Mrs. Age that was requested in the petition.
The next argument by appellants is that the trial court abused its discretion in ruling that the minor child of the parties was the sole shareholder of Alex Enterprises, Inc. and that Mr. Age and Mrs. Age were the owners of the corporation. These findings by the trial court regarding ownership of the corporation are inconsistent. To the extent that the trial court found that the minor child is the owner of Alex Enterprises, Inc., we reverse. For reasons that follow, we affirm the trial court’s finding that Mr. and Mrs. Age are the owners of Alex Enterprises, Inc.
Mr. Age claims that his mother, Irma Glover, is the owner of Alex Enterprises, while Mrs. Age claims that she and Mr. Age are the owners. Mrs. Age introduced into evidence a stock certificate listing the Age’s minor daughter as the sole shareholder of Alex Enterprises, Inc. Mrs. Glover testified that she was the owner of Alex Enterprises and that she did not issue the stock certificate in question nor did she authorize anyone else to do so.
|SA stock certificate is prima facie evidence of corporate ownership, but is distinguished from actual ownership, which may be determined from all the facts and circumstances of the case. Ackel v. Ackel, 595 So.2d 739, 741 (La.App. 5 Cir.1992), citing International Stevedores, Inc. v. Hanlon, 499 So.2d 1183 (La.App. 5th Cir. 1986). Prima facie evidence of the true ownership of stock can be overcome by other evidence and testimony to the contrary. Hartnett v. LGD Properties, Inc., 99-2539, 99-2540 (La.App. 4 Cir. 5/03/00), 767 So.2d 88, writ denied, 2000-2626 (La.11/17/00), 774 So.2d 976.
The trial court found that both Mr. and Mrs. Age contributed all of the assets of the corporation, represented that they were the owners, received tax benefits through election of subchapter S status, and were in total control of the corporation’s assets. The record supports these findings. The testimony at trial also showed that Mr. and Mrs. Age claimed the corporation’s income and losses on their personal tax returns. K-l tax forms were issued to both Mr. and Mrs. Age as owners of the corporation, and Mr. and Mrs. Age listed the assets of the corporation on their personal financial statements, which they submitted to financial institutions in order to obtain loans.
We need not reach the issue of the validity of the stock transfer because Mrs. Age, the party who introduced into evidence the stock certificate purporting to show that the minor child was the sole shareholder, testified that this was only done for convenience and to prevent Mr. Age’s sister from attempting to claim ownership of the corporation. Mrs. Age testified that even though this certificate was issued in her daughter’s name,. Mr. and Mrs. Age were the actual owners of Alex Enterprises, Inc. .
|flThe only evidence -supporting Mr. Age’s claim that his mother, Irma Glover, is the owner of Alex Enterprises is the testimony of Mr. Age and Mrs. Glover. The claim by Mr. Age that Mrs. Glover *1173 owned and helped to fund the corporation is disputed, and the trial court’s apparent decision not to believe that claim was within its discretion.
Based on all of the facts and circumstances presented in this case, we find that the trial court did not err in finding that Mr. and Mrs. Age are the true owners of Alex Enterprises, Inc. The trial court’s finding that the minor child was the owner of the corporation as sole shareholder was manifestly erroneous, and the portion of the judgment as to that finding will be reversed.
Appellants’ next assignment of error is that the trial court abused its discretion in ordering Mr. Age to pay $2,500.00 in attorney’s fees for contempt of court. Appellants failed to brief this issue; therefore, it is deemed abandoned. Rule 2-12.4, Uniform Rules — Courts of Appeal.
Finally, Mr. Age argues that the trial court erred in continuing his child support obligation when the parties were awarded co-domiciliary status and their incomes were equal. He also argues that the trial court erred in awarding primary custody to one party when custody was not before the court. Addressing the latter argument first, we note that the issue of custody was properly before the court by virtue of Mrs. Age’s motion to implement a joint custody plan in which she alleged that it was in the child’s best interest to live primarily with her. In its judgment, the trial court did not modify its earlier award of joint custody to the parties, but it modified its earlier award of co-domiciliary status to the parties by ordering that “oh an interim basis pending approval of the Joint Custody Implementation Plan, the minor child’s primary physical residence shall be with the mother, Verna Age |inon an interim basis, with Louis Age having visitation every Wednesday and on alternating weekends.” Both parties testified as to the child’s living arrangements since the earlier order awarding co-domiciliary status, and a review of that testimony shows that the trial court did not abuse its discretion in modifying its earlier award regarding domiciliary status of the child. Furthermore', the trial court’s denial of Mr. Age’s rule to terminate his child support obligation is supported by the record, and is not manifestly erroneous.
Accordingly, to the extent that the trial court found that the minor child was the owner of Alex Enterprises, Inc. by virtue of being the sole shareholder, we reverse the portion of the September 29, 2000 judgment in which that finding is stated. In all other respects, the two trial court judgments of September 29, 2000 are affirmed.
REVERSED IN PART; AFFIRMED IN PART

. The appeal brief for Mr. Age and Alex Enterprises, Inc. also lists Irina Glover as an appellant. However, as discussed below, Mrs. Glover is not properly before this Court. When the term "appellants” is used in this opinion, it is referring only to Mr. Age and Alex Enterprises, Inc.