974 So.2d 565 (2008)
Elizabeth Anne MURPHY, Appellant,
v.
YOUNG MEN'S CHRISTIAN ASSOCIATION OF LAKE WALES, INC., a Florida nonprofit corporation, Appellee.
No. 2D07-1324.
District Court of Appeal of Florida, Second District.
February 15, 2008.
*566 Frank J. McKeown, Jr., of Law Offices of Frank J. McKeown, Jr., P.A., West Palm Beach, and Harold E. Wolfe, Jr., of Harold E. Wolfe, Jr., P.A., West Palm Beach, for Appellant.
Mark D. Tinker of Fowler White Boggs Banker P.A., St. Petersburg, for Appellee.
CANADY, Judge.
Elizabeth Anne Murphy, the plaintiff in a personal injury action, appeals a final summary judgment entered in favor of the defendant, Young Men's Christian Association of Lake Wales, Inc. (YMCA). The YMCA obtained summary judgment against Murphy on the basis that upon joining the YMCA she had signed an exculpatory clause which released the YMCA from liability for its negligence. We reverse the final summary judgment because the exculpatory clause did not clearly and unequivocally release the YMCA from liability.

I. Background

Murphy joined the YMCA in 2000. At that time, she signed a membership application, which includes the following waiver provision:
I am an adult over 18 years of age and wish to participate in Lake Wales Family YMCA activities. In addition I give my children permission to participate in Lake Wales Family YMCA activities. I understand that even when every reasonable precaution is taken, accidents can sometimes still happen. Therefore, in exchange for the YMCA allowing me to participate in YMCA activities, I understand and expressly acknowledge that I release the Lake Wales Family YMCA and its staff members from all liability for any injury, loss or damage connected in any way whatsoever to my (or my children's) participation in YMCA activities, whether on or off the YMCA's premises. I understand that this release includes any claims based on negligence, action or inaction of the Lake Wales Family YMCA, its staff, directors, members and guests. I have read and am voluntarily signing this authorization and release.
After sustaining personal injuries while using exercise equipment at the YMCA's exercise facility, Murphy filed a complaint against the YMCA, alleging that the YMCA was negligent in failing to maintain, *567 inspect, and repair its exercise equipment. She alleged that she "suffered a severe and permanent injury" and "incurred medical expenses for hospitalization, surgery, nursing care and physical therapy in excess of $200,000.00 and will continue to incur such expenses in the future."

II. Motion for Summary Judgment

The YMCA filed a motion for summary judgment, claiming that the waiver signed by Murphy in the membership application clearly and unequivocally released the YMCA from liability arising out of its negligent acts and that the waiver barred Murphy's negligence cause of action.
At the hearing on the motion for summary judgment, Murphy argued that exculpatory clauses are disfavored and must be clear and unequivocal. The trial court expressed some concern over the "reasonable precaution" language in the waiver: "I kind of think it is a little misleading when it reads: `I understand that even when every reasonable precaution is taken, accidents can sometimes [still] happen.'" Murphy then pointed the trial court to Goyings v. Jack & Ruth Eckerd Foundation, 403 So.2d 1144 (Fla. 2d DCA 1981), a case involving a waiver that was in some respects similar to the waiver obtained by the YMCA here.
At the conclusion of the hearing, the trial court reserved ruling on the motion for summary judgment. Subsequently, the court entered an order granting the motion, stating that "[w]ith some concern, the Court finds the Waiver is clear and unequivocal." The trial court noted its concern expressed at the hearing and stated that the inclusion of the "reasonable precaution" language "suggests a member may be accidentally injured. The waiver goes on to clearly include not only accidental injuries, but injuries due to negligent conduct by staff members."

III. Argument on Appeal

On appeal, Murphy argues that summary judgment was improper because the waiver of liability for the YMCA's negligence is not clear and unequivocal. She argues that the "reasonable precaution" language of the waiver conditions the YMCA's release from liability on whether the YMCA took reasonable precaution to ensure Murphy's safety. She claims that whether the YMCA exercised reasonable precaution is a material factual question to be resolved by the jury.
The YMCA responds that the waiver signed by Murphy clearly and unequivocally releases the YMCA from liability for Murphy's claim because it specifically states that it releases the YMCA from liability for "any claims based on negligence." The YMCA argues that Murphy's argument regarding the "reasonable precaution" language should be rejected because it "ignores the remainder of the waiver provision[] and is furthermore an illogical interpretation of that contract language." The YMCA contends that when the provisions of the waiver are read together, "the release is intended to apply to the YMCA's failure to exercise such precautionsits negligence."
Murphy has raised various additional arguments, which we do not address.

IV. Analysis

Review of a summary judgment is de novo. See Maynard v. Household Fin. Corp. III, 861 So.2d 1204, 1206 (Fla. 2d DCA 2003). Summary judgment should only be granted when there is no genuine issue of material fact and the moving party is entitled to summary judgment as a matter of law. Id.; see also Fla. R. Civ. P. 1.510(c).
Exculpatory clauses are disfavored and will be strictly construed against *568 the party claiming to he relieved of liability. Theis v. J & J Racing Promotions, 571 So.2d 92, 94 (Fla. 2d DCA 1990); Southworth & McGill, P.A. v. S. Bell Tel. & Tel. Co., 580 So.2d 628, 634 (Fla. 1st DCA 1991). "Such clauses are enforceable only where and to the extent that the intention to be relieved was made clear and unequivocal in the contract, and the wording must be so clear and understandable that an ordinary and knowledgeable party will know what he is contracting away." Southworth & McGill, P.A., 580 So.2d at 634. A clause may release a party from liability arising out of its own negligence, but to do so, the clause "must clearly state that it releases the party from liability for his own negligence." Goyings, 403 So.2d at 1146; see also Rosenberg v. Cape Coral Plumbing, Inc., 920 So.2d 61, 66 (Fla. 2d DCA 2005); Van Tuyn v. Zurich Am. Ins. Co., 447 So.2d 318, 320 (Fla. 4th DCA 1984).
The Goyings decision provides guidance for the resolution of the present case. In Goyings, a mother sued the operators of a camp for children based on injuries that her daughter sustained while in the care of the camp. 403 So.2d at 1145. The operators sought summary judgment based on an exculpatory clause which provided:
"It is further agreed that reasonable precautions will be taken by Camp to assure the safety and good health of said boy/girl but that Camp is not to be held liable in the event of injury, illness or death of said boy/girl, and the undersigned, does fully release the Camp, and all persons concerned therewith, for any such liability."
Id. at 1145-46. The trial court held that the clause released the operators from any liability and entered summary judgment in their favor. Id. at 1146.
On appeal, this court held that the language in the camp's clause was "ineffective because it did not explicitly state that the camp would be absolved from liability for injuries resulting from its negligence." Id. at 1146. This court went on to state that the clause was "[f]ar from unequivocally informing [the mother] that she was releasing [the operators] from liability for injuries arising from their negligence" and that a "reasonable interpretation of this provision might give the exculpatory clause quite a different meaning" in light of the language assuring that reasonable precautions would be taken. Id.
This duty to undertake reasonable care expressed in the first part of the provision would be rendered meaningless if the exculpatory clause absolved [the operators] from liability. We cannot ignore this language because all terms of a contract provision must be read as a whole to give every statement meaning. Construing the exculpatory clause as a whole, [the operators'] release from liability rests on their exercise of reasonable care to ensure [the child's] safety and good health. Whether [the operators] fulfilled this duty is a factual question which the trial court must resolve.
Id. at 1146-47 (citations omitted).
We recognize that the waiver in the instant case does specifically state that the YMCA is not liable for "any claims based on negligence." However, the waiver also suggests that the YMCA will take "every reasonable precaution" against accidents. Confusion results from the juxtaposition of the "every reasonable precaution" provision with the provision for the release of "any claims based on negligence." A reasonable reader might be led to believe that the waiver of liability extends only to claims for injuries that were unavoidable "even when every reasonable precaution" had been taken by the YMCA. In light of the "every reasonable precaution" language, the waiver does not clearly and *569 unequivocally release the YMCA from liability and is therefore not enforceable. See Orkin Exterminating Co. v. Montagano, 359 So.2d 512, 514 (Fla. 4th DCA 1978) ("[W]hen we consider that we do not look with favor on exculpatory clauses, we must require the draftsmen of all contracts which contain them to use clear and unequivocal language totally without a hint of deceptive come-on, or inconsistent, clauses.").

V. Conclusion

Because the waiver does not clearly and unequivocally release the YMCA from liability, we reverse the final summary judgment in favor of the YMCA and remand for further proceedings consistent with this opinion.
Reversed; remanded.
WHATLEY and SALCINES, JJ., Concur.