LaROSE, Judge.
 

 In these consolidated appeals, the Florida Department of Revenue (Department) appeals two summary final judgments in favor of Pinellas VP, LLC (Pinellas VP), and TPA Investments, LLC (TPA Investments). We have jurisdiction.
 
 See
 
 Fla. R.App. P. 9.030(b)(1)(a). Because the principal balance of a mortgage is taxable consideration under section 201.02(1), Florida Statutes (2004), and the real property transfers involved here occurred between distinct entities, the trial court erroneously
 
 *362
 
 applied
 
 Crescent Miami Center, LLC v. Florida Department of Revenue,
 
 903 So.2d 913 (Fla.2005), to preclude the Department’s efforts to collect documentary stamp taxes. Consequently, we reverse.
 

 Background
 

 At the outset, we note that an individual, Grady C. Pridgen, III, is the sole member of Pinellas VP and the sole shareholder and director of Tarpon Ridge, Inc. (Tarpon Ridge). In turn, Tarpon Ridge is the managing and sole member of TPA Investments. TPA Investments and Lindell-Gandy, LLC (Lindell-Gandy), are members of Imperial, LLC (Imperial). Mr. Pridgen is not a member of Lindell-Gan-dy. Thus, Mr. Pridgen sits atop a corporate structure diagrammed below:
 

 [[Image here]]
 

 The Underlying Transactions
 

 In May 2005, Pinellas VP acquired twenty acres of land from Tarpon Ridge by Warranty Deed. Although Pinellas VP did not pay money for the acreage, the land was subject to an existing mortgage. Pi-nellas VP recorded the Warranty Deed and paid a $19,250 documentary stamp tax based on the outstanding principal balance of the mortgage.
 

 Also in May 2005, Imperial transferred real property to TPA Investments and Lindell-Gandy as tenants in common. They, too, paid no money for the property. But, the property was subject to an existing mortgage. Imperial had executed a promissory note securing that mortgage; Mr. Pridgen personally guaranteed one-half of the note. TPA Investments recorded the Warranty Deed and paid a $161,546.70 documentary stamp tax based on the outstanding principal balance of the mortgage.
 

 At the end, Pinellas VP and TPA Investments owned land subject to mortgages. Unquestionably, the parcels were newly acquired assets. But, the transferees risk the loss of the land if the underlying mortgage obligations are unsatisfied. At the same time we cannot ignore that Tarpon Ridge and Imperial divested themselves of any benefit in the real estate, although they retain the financial obligations of the mortgages. Mr. Pridgen’s obligations and benefits, if any, exist independent of the transactions carried out by independent entities.
 

 Both Pinellas VP and TPA Investments requested refunds from the Department. After the Department denied these requests, Pinellas VP and TPA Investments sued the Department for refunds. The parties filed cross motions for summary
 
 *363
 
 judgment. The trial court granted Pinel-las VP’s and TPA Investments’ motions, ruling that they were entitled to tax refunds, plus interest. The trial court denied the Department’s motions.
 

 Arguments on Appeal
 

 Essentially, both Pinellas VP and TPA Investments argue that summary judgment was appropriate because the underlying property transactions involved no exchange of value; thus, there was no taxable event under
 
 Crescent Miami.
 
 They also assert that Mr. Pridgen ultimately was responsible for the mortgage debt. Therefore, the transactions effected only mere transfers in ownership.
 

 The Department relies on section 201.02(1) for the proposition that the principal balance of a mortgage is taxable consideration. The Department also argues that
 
 Crescent Miami
 
 is inapplicable because that case involved no mortgage and the property transfer took place between a corporation and its wholly owned subsidiary. The Department emphasizes that the transfers here involved distinct entities that, through apparently careful corporate planning, ultimately have a common shareholder or member. The Department’s position is well taken.
 

 Analysis
 

 We review the summary final judgments de novo.
 
 See Murphy v. Young Men’s Christian Ass’n of Lake Wales, Inc.,
 
 974 So.2d 565, 567 (Fla. 2d DCA 2008). Summary judgment is appropriate only when no issues of material fact remain and the moving party is entitled to judgment as a matter of law.
 
 Id.
 
 Neither Pinellas VP nor TPA Investments has satisfied this burden.
 

 Section 201.02(1) levies a tax on deeds conveying an interest in real property:
 

 On deeds, instruments, or writings whereby any lands, tenements, or other real property, or any interest therein, shall be granted, assigned, transferred, or otherwise conveyed to, or vested in, the purchaser or any other person by his or her direction, on each $100 of the consideration therefor the tax shall be 70 cents. When the full amount of the consideration for the execution, assignment, transfer, or conveyance is not shown in the face of such deed, instrument, document, or writing, the tax shall be at the rate of 70 cents for each $100 or fractional part thereof of the consideration therefor. For purposes of this section, consideration includes, but is not limited to, the money paid or agreed to be paid; the discharge of an obligation; and the amount of any mortgage, purchase money mortgage lien, or other encumbrance, whether or not the underlying indebtedness is assumed. If the consideration paid or given in exchange for real property or any interest therein includes property other than money, it is presumed that the consideration is equal to the fair market value of the real property or interest therein.
 

 The tax amount is based on the consideration paid for the property interest.
 
 Id.
 
 “[T]he amount of any mortgage ... whether or not the underlying indebtedness is assumed” is taxable consideration.
 
 Id.
 
 The Department asserts that the principal balances on the mortgages constitute taxable consideration. We agree.
 

 Statutory language controls statutory interpretation unless such an interpretation is unreasonable or clearly contrary to legislative intent.
 
 Cherry v. State,
 
 959 So.2d 702, 713 (Fla.2007). Here, section 201.02(1) is clear and unambiguous; mortgages are forms of taxable consideration. Both Pinellas VP and TPA Investments acquired real property subject to
 
 *364
 
 preexisting mortgages. The principal amount of the mortgages brings the transactions within the scope of section 201.02(1).
 

 Urging us to ignore the clear statutory language, Pinellas VP and TPA Investments argue that
 
 Crescent Miami
 
 entitles them to refunds.
 
 See
 
 903 So.2d 913. We are unpersuaded. In
 
 Crescent Miami,
 
 a corporation transferred a tract of land to its wholly owned subsidiary.
 
 Id.
 
 at 914. The subsidiary did not pay consideration, but did pay the documentary stamp tax based on the fair market value of the land.
 
 Id.
 
 The property was not subject to a mortgage.
 
 Id.
 
 Our supreme court held that the subsidiary was entitled to a refund.
 
 Id.
 
 at 919. The supreme court rejected the Department’s position that the parent received consideration based on the fact that its ownership interest in the subsidiary increased because the subsidiary now had more assets.
 
 Id.
 
 The court held that this was not an example of nonmone-tary consideration because the beneficial ownership of the property never changed; after the transfer, the parent continued to reap the benefits of owning the property, and only the form of ownership changed.
 
 Id.
 

 Crescent Miami
 
 is factually distinguishable from the cases before us for at least two reasons: (1)
 
 Crescent Miami
 
 involved no mortgage and (2)
 
 Crescent Miami
 
 involved a direct transfer between a parent corporation and its wholly owned subsidiary.
 
 Id.
 
 We cannot ignore the existing mortgages which section 201.02(1), specifically includes as forms of consideration. Nor can we accept that the transfers are immune from taxation merely because the grantors and grantees, separate and distinct corporations or limited liability companies, shared a common individual shareholder or member. That fact is irrelevant to our analysis. Presumably, Mr. Pridgen structured his affairs for legitimate business and personal reasons. As a result, he distanced himself from and was a stranger to the transactions. Unlike the corporation in
 
 Crescent Miami,
 
 Mr. Pridgen was not a party to the underlying transactions. Despite his status in the structure of these entities, he did not own the transferred properties. He was at least one step removed from each corporation or limited liability company involved in these transactions.
 
 [1]
 

 Conclusion
 

 Because section 201.02(1) plainly authorizes the imposition of a tax on the underlying real estate transactions, and because
 
 Crescent Miami
 
 is factually distinguishable and, thus, not controlling, the trial court erred in granting summary final judgments in favor of Pinellas VP and TPA Investments.
 

 Reversed.
 

 NORTHCUTT, C.J., and CASANUEVA, J., Concur.
 

 [1]
 

 . As Pinellas VP conceded at oral argument, Mr. Pridgen is not personally liable for the documentary stamp taxes; thus reflecting his attenuated relationship to the underlying transactions.