| | | |
|---|---|---|
| RICK SUTTON | * | NO. 2019-C-0795 |
| VERSUS | * | |
| | | COURT OF APPEAL |
| JACK ADAMS, ET AL | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

| | |
|---|---|
| <u>CONSOLIDATED WITH:</u> | <u>CONSOLIDATED WITH:</u> |
| RICK SUTTON | NO. 2019-C-0845 |
| VERSUS | |
| JACK ADAMS, CHARLES ADAMS, POLLY POINT IMPORTS CORP. | |

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2016-11427 C\W 2017-03907, DIVISION "D"
Honorable Nakisha Ervin-Knott, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge
Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins)

Robert G. Harvey, Sr.
LAW OFFICE OF ROBERT G. HARVEY, SR., APLC
600 North Carrollton Avenue
New Orleans, LA 70119

Donald C. Douglas, Jr.
THE DOUGLAS LAW FIRM, LLC
1070 West Causeway Approach
Suite B
Mandeville, LA 70471

Matthew A. Sherman
Daniel E. Buras, Jr.

Patrick R. Follette
CHEHARDY, SHERMAN, WILLIAMS, MURRAY, RECILE,
STAKELUM & HAYES, LLP
One Galleria Boulevard Suite 1100
Metairie, LA 70001

      COUNSEL FOR PLAINTIFF/RELATOR

Kim M. Boyle
Rebecca Sha
PHELPS DUNBAR LLP
365 Canal Street, Suite 2000
New Orleans, LA 70130

Gregory W. Kehoe
GREENBERG TRAURIG, P.A.
101 E. Kennedy Blvd., Suite 1900
Tampa, FL 33602

      COUNSEL FOR DEFENDANTS/RESPONDENTS


              **WRIT GRANTED; RELIEF DENIED**


              **OCTOBER 12, 2022**

*SCJ*
*EAL*
*RLB*
*JCL*
*RML*

In these two consolidated writs, Rick Sutton seeks review of the September 3, 2019 judgment rendered by Orleans Civil District Court Div. D,[1] which granted Polly Point Import Corp.'s motion to transfer Sutton's Petition to Annul; granted Jack Adams' motion to transfer and consolidate Sutton's Motion to Declare Judgment an Absolute Nullity with the Petition to Annul; and denied Sutton's exception of improper service of process.   Based on our review of the record of these writs and the related civil proceedings involving these parties, and in light of applicable law, we grant the writs but deny relief, finding no error in Div. D's September 3, 2019 judgment.

---

[1] We note the Division of Orleans Civil District Court to which this case was allotted, because there are overlapping proceedings and conflicting judgments in the Adams/Sutton litigation.

1

## FACTUAL AND PROCEDURAL BACKGROUND

These consolidated writs come before this Court as part of a web of litigation and appeals involving Jack Adams and Rick Sutton, in a protracted dispute over their failed business relationship and the control of two business entities, RJANO Holding, Inc. and Maison Royale, LLC.[2]

In June 2011, Adams and Sutton entered into a business relationship for the purpose of leasing property at 501 Royal Street (the "Property") and operating a fine jewelry store and art gallery at that location. Adams and Sutton did not have a written partnership agreement or business plan, but the parties agreed to form two entities: RJANO, a corporation to lease the Property; and Maison Royale, an LLC created to operate the store. By October 2014, the business relationship between Adams and Sutton had deteriorated; and, since then, Adams and Sutton have been locked in a series of lawsuits stemming from their failed business relationship.

For purposes of understanding the issues presented herein, we provide the following relevant background of the Adams/Sutton litigation.[3]

---

[2] The Adams/Sutton litigation includes six civil suits filed in Orleans Parish Civil District Court, all but two of which were allotted to different divisions of the district court. Four appeals and four writ applications, arising from four of the underlying civil suits, were lodged in this Court in 2019. In January 2020, this Court *sua sponte* consolidated all four appeals and four writ applications. Due to the consolidation of multiple cases, new briefing orders were issued. Oral arguments were set for April 28, 2020, but continued without date due to the COVID-19 pandemic. Thereafter, the resetting of this consolidated matter was continued and delayed three more times due, respectively, to a stay of the matter, the closure of the Court due to Hurricane Ida, and a continuance requested on account of the health of lead counsel for Sutton. Oral arguments for the consolidated appeals and writs were held before the five-judge panel on May 20, 2022. After submission, upon further consideration, this Court ordered that the appeals be unconsolidated to address the issues presented in each with more precision and clarity.

[3] A synopses of all Adams/Sutton suits is provided in the related opinion of *Adams v. Sutton*, 19-0247 (La. App. 4 Cir. 10/12/2022), -- So.3d –, (hereinafter "*Adams I*") rendered on the same date as the instant appeal.

2

**"RICO" suit (Div. D)**

In November 2016, Sutton filed a petition for damages against Adams; Adams' father, Charles Adams; and Polly Point Imports Corp., alleging (1) violations of the Louisiana Racketeering Act ("RICO"); (2) violations of the Louisiana Unfair Trade Practices Act ("LUTPA"); (3) fraud and misrepresentation; (4) breach of fiduciary duty; and (5) detrimental reliance (the "RICO suit").[4] The RICO suit was allotted to Div. D.

In this suit, Sutton claimed that Adams, Adams' father, and Polly Point impermissibly sold jewelry in the Maison Royale store at "fire sale" prices, in violation of RICO and LUTPA statutes, through fraudulent means, and in breach of fiduciary duty to Sutton, thereby causing damages to Sutton. In response, Adams and the other defendants filed various exceptions.

On October 25, 2017, Div. D rendered judgment granting Adams' exceptions of no cause of action and no right of action as to Sutton's RICO claims, LUTPA claims, and breach of fiduciary duty claims; granting Adams' exception of no cause of action as to Sutton's claims of fraud and misrepresentation and detrimental reliance; and dismissing all of Sutton's claims against all named defendants with prejudice. On appeal, this Court affirmed the trial court's judgment and its dismissal of Sutton's RICO suit. *Sutton v. Adams,* 18-0196 (La. App. 4 Cir. 12/19/18), 318 So.3d 776. Thereafter, the Louisiana Supreme Court denied writs and Sutton's application for reconsideration. *Sutton v. Adams*, 19-346 (La. 4/22/19), 267 So.3d 1112, *reconsideration denied*, 19-00346 (La. 9/6/19), 278

---

[4] *Rick Sutton v. Jack Adams, Charles Adams and Polly Point Imports Corp.*, CDC No. 2016-11427.

So.3d 362. Accordingly, the October 25, 2017 judgment rendered by Div. D ("RICO judgment") is a final judgment.

**"Abuse of Process" suit (Div. L)**

On April 25, 2017, Adams filed suit against Sutton alleging an abuse of process by Sutton in the filing of the RICO suit.[5] Subsequently, on March 28, 2019, Sutton filed a reconventional demand to Adams' Abuse of Process suit, a petition for declaratory judgment, and a third party demand against Maison Royale. In his pleadings, Sutton sought judgment finding him to be a fifty-percent partner in RJANO and a fifty-percent member of Maison Royale, and he asserted that Maison Royale is a necessary party to all proceedings in Div. L. In opposition, Adams and Maison Royale, separately, filed several exceptions seeking to dismiss Sutton's reconventional demand and third party demand, respectively.

On June 17, 2019, Div. L held a hearing only on the exceptions filed by Jack Adams and took the matter under advisement. On June 20, 2019, Div. L rendered a judgment denying the exceptions filed by Maison Royale, with no mention of the exceptions filed by Adams.

On June 26, 2019, Sutton filed, as one pleading, a motion for reconsideration of the June 20 judgment and motion to declare [the RICO] judgment an absolute nullity. Sutton sought (1) revision of the June 20 judgment to reflect that the exceptions heard and ruled upon were filed by Adams, not Maison Royale, and (2) a declaration that the RICO judgment, on which Adams' exceptions were based, was an absolute nullity. Prior to filing his nullity motion in Div. L, Sutton had filed a Petition to Annul the RICO judgment, which was randomly allotted to Div. N.

---

[5] *Jack Adams v. Rick M. Sutton*, CDC No. 2017-03907.

4

**"Annulment" suit**

On March 25, 2019, Sutton filed a Petition to Annul the RICO judgment ("Annulment" suit) that was randomly allotted to Div. N.[6] The Annulment suit named Adams, Charles Adams, Polly Point, and Maison Royale as defendants. Polly Point, the only party on which Sutton requested service, filed a motion to transfer the Annulment suit to Div. D, pursuant to La. C.C.P. art. 253.2 and Civil District Court Rule 9.3, App. 9.3 ("CDC App. 9.3"). Subsequently, after Sutton filed the nullity motion in Div. L, Adams filed a motion to transfer and consolidate the nullity motion with the Annulment suit in Div. D. Sutton filed oppositions to both motions to transfer.[7]

On August 16, 2019, Div. D held a hearing on the motions. At the conclusion of the hearing, Div. D granted Polly Point's motion to transfer the Annulment suit and granted Adams' motion to transfer and consolidate the nullity motion, filed in Div. L, with the Annulment suit in Div. D. Div. D rendered its signed judgment on September 3, 2019.

Sutton filed timely notice of intent to seek review of Div. D's September 3, 2019 judgment. Subsequently, these writs were consolidated with four appeals and two other writs filed in the Adams/Sutton litigation.[8] After oral argument on the consolidated matters on May 20, 2022, the appeals were unconsolidated. In consideration that these two writs arise from the same Div. D judgment, they are consolidated for this writ opinion.

---

[6] *Rick M. Sutton v. Jack Adams, Charles Adams, Polly Point Imports Corp. and Maison Royale, LLC*, CDC No. 2019-3156.

[7] We note that Sutton was represented in the RICO suit by counsel from the law firm of Cherhardy Sherman Williams, which filed the Annulment suit on his behalf. However, Sutton is represented in the Abuse of Process suit by the Law Office of Robert G. Harvey. Thus, counsel for the Annulment suit filed the opposition to Polly Point's motion to transfer, and counsel for the Abuse of Process suit opposed Adams' motion to transfer and consolidate.

[8] *See* n.2.

## DISCUSSION

Sutton raises separate assignments of error regarding the transfer of the Annulment suit and the transfer and consolidation of the nullity motion. Regarding the former, Sutton argues that Div. D erred by (1) hearing and ruling upon Polly Point's motion to transfer; and (2) ruling upon the motion to transfer pursuant to CDC App. 9.3 without all parties in the case being present. Regarding the transfer and consolidation of the nullity motion, Sutton argues that Div. D erred by (1) ruling on the motion without proper service on all parties; and (2) transferring a single legal issue from Div. L to Div. D.

The issues presented regarding transfer and consolidation of cases are questions of law, which are reviewed by this Court *de novo*, "without deference to the legal conclusions of the courts below." *First Bank and Trust v. Simmons*, 14-1210, p. 14 (La. App. 4 Cir. 4/22/15), 165 So.3d 1025, 1034 (quoting *Durio v. Horace Mann Ins.*, 11-0084, p. 14 (La. 10/25/11), 74 So.3d 1159, 1168). We review the transfer of the Annulment suit first.

**Motion to Transfer Annulment suit**

Sutton argues that Div. D erred in hearing and ruling upon Polly Point's motion to transfer. Sutton asserts that the motion should have been heard in Div. N, where the Annulment suit was randomly allotted, pursuant to Rule 9.2, Rules for Civil Proceedings in District Courts. Rule 9.2 provides:

> Except as allowed by La. Code Civ. Proc. art. 253.3, all contested matters shall be heard by the judge to whom the matter was allotted. The judge to whom the action has been allotted may designate the order-signing judge or any other judge to sign such orders and set such hearings, and in his or her absence, to hear such matters where necessary to comply with law, or when deemed to be an emergency, in accordance with La. Code Civ. Proc. Arts. 253.2 and 253.3.

6

In opposition, Polly Point argues that Rule 9.2 refers to the general rule for allotment of cases. In the motion to transfer, Polly Point asserted that CDC App. 9.3 provides the applicable procedural rule for the interdivisional transfer of this case. Based on our review of the statutes and relevant jurisprudence, we agree.

The interdivisional transfer of cases is governed by La. C.C.P. art. 253.2, which provides as follows:

> After a case has been assigned to a particular section or division of the court, it may not be transferred from one section or division to another section or division within the same court, unless agreed to by all parties, or unless it is being transferred to effect a consolidation pursuant to Article 1561. However, the supreme court, by rule, may establish uniform procedures for reassigning cases under circumstances where an expeditious disposition of cases may be effectuated.

This Court discussed the application of La. C.C.P. art. 253.2 in *Simmons*, finding that, "[u]nder Article 253.2, a case can be transferred to another division in only three circumstances: (i) when the parties consent; (ii) when the transfer is for consolidation for trial, as provided in La. C.C.P. art. 1561; and (iii) when a Supreme Court rule permits the transfer." 14-1210, p. 15, 165 So.3d at 1034 (citing *State v. Sprint Commc'ns Co., L.P.*, 96-3094, p. 6 (La. 9/9/97), 699 So.2d 1058, 1063). In that case, as in this case, the Court was considering the interdivisional transfer of a petition to annul a prior judgment. And, relevant to that issue, this Court concluded that CDC App. 9.3 is a Supreme Court rule that provides for the transfer of a suit for nullity of judgment to the division that rendered that judgment. *Simmons*, 14-1210, pp. 21-22, 165 So.3d at 1038-39.

CDC App. 9.3 provides in pertinent part as follows:

ALLOTMENT OF CASES

4. To achieve continuity of case management, and to avoid the appearance of forum shopping, it is the policy of the [Orleans Civil

7

District Court] that subsequent but related cases should be transferred to the division to which the original case was allotted, whether or not such earlier case is still pending. It shall be the duty of any attorney in such cases to call to the court's attention the existence of such earlier case. The following are examples of cases which ought to be transferred to the original division:

> \*     \*     \*

> 4. Cases growing out of earlier cases, such as suits to enjoin executory process, to annul a judgment, suits claiming damage caused by the earlier proceeding (wrongful eviction, malicious prosecution, abuse of process, etc.).

Upon review of CDC App. 9.3, this Court found "[t]he CDC's allotment rule, CDC App. 9.3, codifies the longstanding policy in that court requiring that suits for nullity of judgment be allotted to the same division that rendered the original suit. The basis for this policy is that the nullity action is said to 'grow out of' the earlier case." *Simmons*, 14-1210, pp. 21-22, 165 So.3d at 1038-39.

In this case, at the hearing on the motion to transfer, Div. D stated its reliance on CDC App. 9.3 for its ruling, as follows:

> In accordance with the Rules of Court, Civil District Court 9.3, Division "D" is the proper division to hear this motion to transfer. The petition for nullity, which is pending in Division ["N"] shall be transferred to this division, which was the original division that rendered the judgment at issue.

Based on our review of the applicable rules and jurisprudence, we find no error in Div. D hearing and granting the motion to transfer the Annulment suit to Div. D.

We also find no merit to Sutton's second argument that Div. D erred in ruling on Polly Point's motion to transfer without the presence of all parties. In support of his argument, Sutton references a wholly different section of CDC App. 9.3, under a section entitled "TRANSFER AND CONSOLIDATION", which provides in part, "the transfer and consolidation shall be by order of the judge to whom the case is being transferred, after contradictory hearing with all parties in

8

each case." However, the applicable section of CDC App 9.3(4)(4) that we discussed above contains no requirement of a contradictory hearing with all parties. Moreover, in *Simmons*, this Court found that CDC App. 9.3 is the type of local rule that "provide[s] for automatic consolidation (by reallotment between divisions) of related cases." 14-1210, p. 23, 165 So.3d at 1039 (quoting 1 Frank Maraist and Harry T. Lemmon, LOUISIANA CIVIL LAW TREATISE: CIVIL PROCEDURE § 10:8 (1999)). Therefore, we find no applicable provision or authority that requires a contradictory hearing with all parties in order to transfer the Annulment suit to Div. D, as provided by CDC App. 9.3(4)(4).

**Transfer and Consolidation of the Nullity Motion**

With regards to Adams' motion for transfer and consolidation of Sutton's nullity motion, Sutton argues that Div. D erred in ruling on the motion without proper service on the parties and in granting the transfer of a single legal issue from Div. L to Div. D. We find no merit in either argument.

As to Sutton's argument of improper service, a review of the record reflects that Sutton did not file a written exception of improper service to Adams' motion to transfer and consolidate. Only Sutton's counsel for Polly Point's motion to transfer filed an exception of improper service, which they waived at the beginning of the hearing. Thus, the exception of improper service that was denied as moot within the September 3, 2019 judgment was filed in relation to Polly Point's motion to transfer.

The record also reflects that Sutton did not advance any oral argument at the hearing in support of an exception of improper service; thus, the argument raised in his writ was not raised in the trial court. Finally, Sutton provides no record support

9

for his argument that Adams failed to serve Sutton with the order setting the motion hearing. We find no merit to this argument.

Finally, we address Sutton's argument that Div. D erred by granting the transfer and consolidation of a single legal issue from Div. L to Div. D. Here again, Sutton contends that Rule 9.2 must be applied because it provides that "all contested matters shall be heard by the judge to whom the matter was allotted." In addition, he argues that La. C.C.P. art. 253.2 is inapplicable because Adams sought the transfer of a single legal issue rather than a case.

We find no merit in Sutton's argument that his nullity motion is "a single legal issue" that cannot be transferred and consolidated with another case. Sutton's nullity motion is a collateral action to declare the RICO judgment an absolute nullity for failure to join an indispensable party, which is a vice of form under La. C.C.P. art. 2002. An action to annul for vice of form may be brought by an interested party at any time, before any court, and through a collateral proceeding. La. C.C.P. art. 2002(B); *Leonard v. Reeves*, 11-1009, p. 14 (La. App. 1 Cir. 1/12/12), 82 So.3d 1250, 1260 ("A 'collateral attack' is an attempt to impeach the decree or judgment from one proceeding in another proceeding not instituted for the express purpose of annulling the judgment."). An absolutely null judgment may be collaterally attacked in a summary proceeding raised by contradictory motion. *Leonard*, 11-1009, pp. 14-15, 82 So.3d at 1260 (finding that a contradictory motion seeking to declare a judgment absolutely null is a summary proceeding, pursuant to La. C.C.P. art. 2592(3)). Thus, Sutton's Annulment suit, i.e., an ordinary proceeding, and his nullity motion, i.e., a summary proceeding, are both acceptable procedural means for an action to annul under La. C.C.P. art. 2002. However, we find the use of both procedural means to attack the same judgment in

10

two different suits inappropriate; therefore, we find the transfer and consolidation of these actions proper under La. C.C.P. art. 253.2 and La. C.C.P. art. 1561.

We find the transfer and consolidation of the nullity motion appropriate under the circumstances provided by La. C.C.P. art. 253.2, because it is "being transferred to effect a consolidation pursuant to Article 1561." At the time of the transfer and consolidation in this matter,[9] La. C.C.P. art. 1561(A) provided:

> When two or more separate actions are pending in the same court, the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial after a contradictory hearing, and upon a finding that common issues of fact and law predominate, and, in the event a trial date has been set in a subsequently filed action, upon a finding that consolidation is in the interest of justice. The contradictory hearing may be waived upon the certification by the mover that all parties in all cases to be consolidated consent to the consolidation.

A trial court's authority to consolidate under La. C.C.P. art. 1561 is discretionary, and, therefore, its decision is reviewed under an abuse of discretion standard. *Francois v. Gibeault*, 10-0180, p. 5 (La. App. 4 Cir. 8/25/10), 47 So.3d 998, 1002 (citing *Bonnette v. Tunica-Biloxi, Indians*, 02-0919 (La. App. 3 Cir. 5/28/03), 873 So.2d 1).

Here, Sutton filed two separate actions seeking the exact same relief—a declaration that the RICO judgment is an absolute nullity. The Annulment suit was filed first, in March 2019, followed by the nullity motion in Div. L, in June 2019. In consideration of the common issues of law and fact that predominate these actions that seek the same relief, and to avoid conflicting or inconsistent judgments, we find no abuse of discretion in the transfer and consolidation of the

---

[9] La. C.C.P. art. 1561 was amended and reenacted by La. Acts 2021, No. 259, § 2, effective August 1, 2021. In pertinent part, the amendment allows "the section or division of the court in which the first filed action is pending may order consolidation of the actions for trial *or other limited purposes* after a contradictory hearing …" (emphasis added).

nullity motion with the Annulment suit under La. C.C.P. art. 1561. *See Age v. Age*, 01-0231, pp. 6-7 (La. App. 4 Cir. 5/29/02), 820 So.2d 1167, 1171-72 (finding no abuse of discretion in the consolidation of a writ of injunction with a domestic suit, upon finding that the actions involved common issues of law and fact in accordance with La. C.C.P. art. 1561).

## CONCLUSION

For the foregoing reasons, we find no error in the September 3, 2019 judgment rendered by Div. D, granting Polly Point's motion to transfer Sutton's Annulment suit and granting Adams' motion to transfer and consolidate Sutton's nullity motion. Accordingly, we deny relief.

**WRIT GRANTED; RELIEF DENIED**